UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 08-10036-DPW |
| | ) | |
| | ) | |
| **WINSTON MCGHEE** | ) | |

### GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States, by its undersigned attorneys, respectfully submits this supplemental sentencing memorandum in response to Probation's Memorandum of January 8, 2009 re Winston McGhee DYS and State Custody Status ("Probation Memo.").[1] According to the government's understanding, the Court intends to deduct from its intended sentence the time that the defendant was in custody solely for the murder charge but will not deduct time that was attributable to a separate judicial act, such as a revocation of his probation by the juvenile court. The government will address the issue of whether the defendant's detention between June 13, 2002 and June 12, 2006, was attributable solely to his indictment for murder, which charge was dismissed by a nolle pros.

The government has reviewed the Suffolk District Attorney's Office case file for docket number YO 00R0044, the youthful

---

[1] At the last sentencing hearing, the Court permitted the parties five days to submit a response to Probation's submission. Pursuant to Fed. R. Crim. P. 45(a)(2), intermediate Saturdays and Sundays are excluded from periods of time less than 11 days. Accordingly, the government's response is due January 15, 2009.

1

offender indictment for armed robbery, and contacted the Clerk's Office of the Boston Juvenile Court, requesting the same file. The government is informed by George Roper, First Assistant Clerk of the Boston Juvenile Court, that the clerk's office is unable to locate that folder and that it may have been destroyed.  Mr. Roper also attempted to see if the probation office had additional documents but as of this date the government does not have anything from the Juvenile Court's file other than the docket sheet which it has previously submitted and which is attached to this memo ("YO Docket").

The government addresses the following periods:

- April 17, 2002: the defendant was found in violation of his probation on docket number YO 00R0044.  The Juvenile Court continued his probation and continued the case until March 24, 2005 (defendant's 21st birthday) for a disposition hearing.  (YO Docket.)
- May 28, 2002 through June 12, 2002: the defendant was not in custody. (Probation Memo. at 1.)
- June 13, 2002 through July 12, 2002: the defendant was held following a DYS Revocation Review because of repeated curfew violations.  The result of this review was his detention for 29 days.  (Probation Memo. at 1-2.)

- July 13, 2002 through September 3, 2002: the defendant was detained for an "unclear reason." (Probation Memo. at 2.) While DYS had the authority to detain him in a secure facility pursuant to its supervision of him, Probation has uncovered no records to suggest that it did so. The government does not have evidence of a separate act which would have resulted in this period of detention (**53 days**).

- September 4, 2002 through September 25, 2002: the defendant was arraigned for the murder charge in Dorchester District Court and ordered held without bail. (Probation Memo. at 2.) He also appears to have remained in DYS secure custody at the same time. Because the reason for his DYS custody remains unclear, the government does not have evidence of a separate act which would have resulted in this period of detention (**22 days**).

- September 26, 2002 through December 9, 2002: a violation of probation notice issued as a result of his new arrest in the youthful offender case. (YO Docket.) However, it does not appear that he was arraigned (or even brought into court) until December 10, 2002, and there is no indication that he was held without bail in the youthful offender case. However, he was already in

3

> violation of his probation as a result of the April 17, 2002. (Id.) According to Mr. Roper, the case may have been advanced solely for disposition of the prior violation. However, in the absence of any documentation that would make this issue clearer, the government concedes that there was no separate judicial act which would have resulted in this period of detention (**75 days**).

- December 10, 2002 through December 9, 2004: on December 10, 2002, the defendant was sentenced to MCI-Cedar Junction for a term of two years to two years and 1 day.  While he was also being held pending trial, he spent this period serving a sentence imposed by Judge Harris of the Boston Juvenile Court.  Accordingly, this time was the result of a separate judicial act and should not be "credited" to the defendant.
- December 10, 2004 through March 24, 2005: the defendant remained in DYS secure custody for an "unclear" reason and was detained pending trial on the murder charge. Accordingly, there was apparently no separate judicial act which resulted in the defendant's detention for this period (**105 days**).
- March 25, 2005 through June 12, 2006: having reached his 21st birthday, the defendant was no longer in DYS

custody.  His detention for this period (**one year, 50 days**) was solely as a result of the murder charge.

Accordingly, giving the defendant the benefit of the doubt wherever documentation was lacking, the defendant's detention for a total period of **one year, 305 days** or **22 months** meets the Court's definition for time that was attributable to the murder charge and not as the result of any other judicial act.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                    By:   <u>/s/ Timothy E. Moran</u>
                          JOHN A. WORTMANN, JR.
                          TIMOTHY E. MORAN
                          Assistant U.S. Attorneys

Dated: January 15, 2009

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Sentencing Memorandum and accompanying exhibits filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    By:   <u>/s/ Timothy E. Moran</u>
                          TIMOTHY E. MORAN